UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-23-RJC-DCK

| | |
|---|---|
| **MOVEMENT MORTGAGE, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **JARED WARD; JUAN CARLOS KELLEY;** ) | |
| **JASON STEGNER; and NEW PENN** ) | |
| **FINANCIAL, LLC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Movement Mortgage, LLC's (MM) Motions for Temporary Restraining Order and Preliminary Injunction (Doc. 4), which was filed on January 23, 2014. Plaintiff MM filed its complaint in this Court on January 17, 2014. (Doc. 1). At present, it appears that three of the four named Defendants have been served in this case: New Penn Financial (New Penn) on January 24, 2014; Juan Carlos Kelley (Kelley) on January 26, 2014; and, Jason Stegner (Stegner) on January 27, 2014. (Docs. 7-9). It does not appear that Defendant Jared Ward (Ward) has been served as of yet.

I.     **BACKGROUND**

Alleging irreparable harm at the hands of Defendants, Plaintiff seeks a temporary restraining order or preliminary injunction from this Court enjoining Defendants from various actions, including: from soliciting MM's current employees to leave the company; from soliciting MM's referral sources for the purposes of obtaining business; and, from inducing MM's referral sources and customers to cease doing business with MM. (Doc. 4).

The facts, summarized here in briefest form, are these: MM and New Penn operate in the

same field of business as mortgage bankers, and appear to be direct competitors. (Doc. 11: Amended Complaint ¶¶12; 62-68). MM is a limited liability corporation (LLC) organized under Delaware law and with a principal place of business in Charlotte, North Carolina. (Id. ¶2). MM's two principal members are residents of North Carolina and Virginia, respectively. (Id.). New Penn is a limited liability company organized under Delaware law with its principal place of business in Pennsylvania. (Id. ¶6). The individual Defendants, Ward, Kelley, and Stegner, are citizens of Georgia, California, and Pennsylvania, respectively. (Id. ¶¶3-5). Plaintiff submits that this Court possesses subject matter jurisdiction based upon 28 U.S.C. § 1332. (Id. ¶7).

The three individual Defendants, Ward, Kelley and Stegner were high-level employees of MM, who recently left the company to work for New Penn. (Id. ¶ 18; 26; 27; 35; 36; 43). Plaintiff alleges that, since leaving MM, they have contacted several current MM employees and solicited them to leave MM and take on employment with New Penn. (Id. 64-68). At least three MM employees have recently terminated their employment and have begun working for New Penn. (Id. ¶67). Plaintiff has attached as exhibits restrictive covenants signed by Defendants Ward, Kelley and Stegner, each of which includes, *inter alia*, provisions that restrict the solicitation of MM's employees for a period of twelve (12) months. (Docs. 11:2-4). Plaintiff also alleges that the Defendants have, in violation of these restrictive covenants, solicited business from customers and referral sources of Plaintiff. (Doc. 11 ¶¶20-25; 28-34; 37-42). Plaintiff attached the relevant agreements which prohibit any attempts to solicit business from a referral source of Plaintiff's for three (3) months following departure from the company. (Doc. 11:2-4).

At present, Defendants have not filed any responses with this Court.

## II. DISCUSSION

Rule 65(b) provides that, upon a proper showing, a court may issue a temporary restraining order without notice to the adverse party. FED. R. CIV. P. 65(b). Because Defendants have not been provided adequate notice and time to respond, the instant motion will be regarded as one for a temporary restraining order. "[W]hether an interlocutory injunction is labeled a TRO or a preliminary injunction is not of particular moment, so long as the opposing party is given notice and an opportunity to oppose that is commensurate with the duration of the injunction." Ciena Corp. v. Jarrad, 203 F.3d 312, 320 (4th Cir. 2000). A "preliminary injunction preserves the status quo pending a final trial on the merits, [while] a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

### A. Temporary Restraining Order

A temporary restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, *Federal Practice and Procedure §* 2951 (2d ed). It is an "extraordinary and drastic remedy" never awarded as a matter of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding such request." Amoco Production Co. v. Gambell, 480 U.S. 531, 542 (2008). An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course. Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982) ("[A] federal judge sitting as chancellor is not mechanically obligated to

grant an injunction for every violation of law.").

A plaintiff seeking a temporary restraining order must establish four elements, including that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in its favor; and, (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Notwithstanding the one-sided nature of the material presented in this matter, the Plaintiff has made a cogent case for success on the merits. Plaintiff has alleged violations of restrictive covenants and included the relevant agreements as attachments to a verified complaint. The actions alleged against the individual Defendants fall squarely within the provisions of the restrictive covenants which Defendants signed upon accepting employment with Plaintiff.

Plaintiff has likewise made a clear showing of irreparable harm including: the permanent loss of several employees; the loss of several key referral sources; lost revenue, and diminished future business. Additionally, Plaintiff contends that monetary damages do not provide appropriate redress as it is difficult to calculate revenue declines associated with the loss of employees, referral sources, and goodwill. Indeed, the revenue most affected is that which is singularly incapable of precise calculation: the loss of potential future business. For the limited purposes of the restraining order, this showing is sufficient to establish irreparable harm.

The balance of equities presents the most pressing inquiry in this matter, especially in light of the effect that a restraining order could have on New Penn's business operations. "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" Winter, 555 U.S. at 24 (quoting Amoco Production, 480 U.S. at 542). Plaintiff argues convincingly that enjoining

4

Defendants from soliciting MM's current employees does not place a substantial burden on any Defendant as it merely enjoins them from activity that they have no legal right to engage in otherwise. Based on the facts presented by the Plaintiff, enjoining such solicitations does not risk upsetting the legitimate business operations of New Penn.

The more difficult question for the Court is how to balance the equities on the issue of communications to third parties, including business partners, referral sources and active customers. Taking the facts presented as true, Plaintiff has made a cogent showing that it will suffer irreparable harm unless this Court enjoins certain communications between the Defendants and third parties. The Fourth Circuit has recognized the deleterious effects caused by parties soliciting the customers or clients of former employees in contravention of agreements prohibiting such. "The customers cannot be 'unsolicited.'" Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1054. A non-solicitation clause "requires immediate application to have any effect. An injunction even a few days after solicitation has begun is unsatisfactory because the damage is done." Id.

Conversely, even a narrowly tailored injunction risks infringing upon the legitimate business operations of the Defendants. The Court, at present, has no means of knowing which of New Penn's business relationships are legitimate, and which are the product of illicit activity. What the Court does have knowledge of, however, are the confines of the restrictive covenants signed by the individual Defendants. "The traditional office of a preliminary injunction is to protect the status quo and prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." See, e.g., Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997). "Indeed, the

5

maintenance of the status quo is justified only insofar as it aids the court in granting final relief." Hazardous Waste Treatment Council v. South Carolina, 945 F.2d 781, 788 (4th Cir. 1991).

Ultimately, the risk of damage to New Penn is mitigated by the temporary nature of any injunction and by the existence of restrictive covenants which set meaningful parameters around the type of actions to be enjoined.

Finally, the public interest question does not appear to be of great import in this case as the dispute seems localized to two private businesses competing with one another in the same market. "The public has an interest in ensuring that contracts are enforced." UBS Painewebber, Inc. v. Aiken, 197 F.Supp.2d 436, 448 (W.D.N.C. 2002).

### III. CONCLUSION

Having considered the four factors spelled out in Winter, the Court finds that an order under Rule 65(b) temporarily restraining Defendants is appropriate to preserve the status quo until the parties can be heard by this Court on the issue of whether to issue a preliminary injunction.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's **Motion for a Temporary Restraining Order** (Doc. No. 4) is **GRANTED**.

2. Defendants Jared Ward, Juan Carlos Kelley, Jason Stegner, and New Penn Financial are hereby **RESTRAINED** from soliciting any Movement Mortgage employee to leave his/her employment with that firm.

3. Defendants Jared Ward, Juan Carlos Kelley, and Jason Stegner are **RESTRAINED** from soliciting or assisting in the solicitation of the business of

any customer, referral source, or other person who has a business relationship with Movement Mortgage, LLC for the purchase of any products or services competing with those products and services offered and sold by the Company.

4. Defendants Jared Ward, Juan Carlos Kelley, and Jason Stegner are **RESTRAINED** from inducing or attempting to induce any person or entity, including any customer, referral source, or other person who has an agreement or business relationship with the company to cease doing business in whole or in part with Movement Mortgage, LLC.

5. Defendant New Penn is **RESTRAINED** from utilizing Defendants Jared Ward, Juan Carlos Kelley, and Jason Stegner, or any other individual bound by restrictive covenants contained in an agreement with Movement Mortgage, LLC to directly or indirectly solicit Movement's realtor partners and referral sources for purposes of engaging in residential home mortgage business with New Penn.

6. This Temporary Restraining Order will expire on **FEBRUARY 19, 2014 at 11:00 a.m.**, unless within such time it is extended for good cause shown, or unless defendants consent to an extension. A hearing on whether to convert this Order to a Preliminary Injunction is set for **FEBRUARY 19, 2014 AT 11:00 a.m.**

7. This order will not be deemed effective against Defendant Jared Ward until service of process in this action is rendered upon him.

8. All restraints ordered herein will remain in full force and effect until the expiration of this order or unless specifically revoked by this Court.

9. A copy of this order will be immediately served by the United States Marshal on Defendants.

Signed: February 5, 2014 at 10:33 a.m.

*[signature]*

Robert J. Conrad, Jr.
United States District Judge