UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-23-RJC-DCK

| MOVEMENT MORTGAGE, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| JARED WARD; JUAN CARLOS KELLEY; JASON STEGNER; and NEW PENN FINANCIAL, LLC., | ) ) ) ) | |
| Defendants. | ) | |

On March 6, 2014, this Court issued an order (March 6 Order) granting in part and denying in part Plaintiff Movement's request for injunctive relief. (Doc. 35). As part of that order, the Court ordered Plaintiff to produce a list of companies, referral sources, agents, and other business entities with whom it had a business agreement implicated in the restrictive covenants it sought to enforce against Defendants. Additionally, the Court provided Defendants seven (7) days to file objections. On March 12, 2014, Plaintiff's submitted to the Court, under seal, a list of approximately two hundred and fifty (250) business entities with whom it has some type of business arrangement. (Doc. 39-1). Since that filing, Defendants have objected, (Doc. 41), Plaintiff has responded, (Doc. 42), and Defendants have replied to the response, (Doc. 43). Finally, Plaintiff filed a brief in opposition to Defendants' request that it produce specific Market Service Agreements. (Doc. 44).

**I.    ANALYSIS**

The March 6 order of this Court granted Plaintiff's motion for injunctive relief against Defendants Ward, Kelley and Stegner. Specifically, the order enjoined those Defendants from

1

soliciting or inducing Movement employees to terminate their employment with the company. These injunctions remain in full effect and the present order has no bearing upon them.

      A.      <u>Injunctive Relief for Communications with Business Entities</u>

The March 6 Order also extended the temporary restraining order that prohibited Defendants Ward and Kelley from communicating with referral sources, customers, and parties having an express business agreement with Movement for the purposes of inducing them to terminate such agreements. The present order is limited to the question of whether Plaintiff has fully complied with the March 6 order, and whether the Court should convert the restraining order into a preliminary injunction. Having reviewed the list submitted by Plaintiff, the Court declines to issue injunctive relief to Plaintiff with regard to their business agreements.

The March 6 Order required Plaintiff to "furnish to the Court within seven (7) days a list of all such referral sources and relevant agreements against whom [Defendants Ward and Kelley] shall be enjoined from improper communications. Furthermore, where the business entity with whom Plaintiff has an agreement contains other divisions, departments, officers or branches that are not bound by such agreement, the entity shall be identified as to the office or entity with whom Plaintiff has such agreement. No other division, inferior or superior shall be considered as included in the injunction." (Doc. 35 at 7,8). The Court warned Plaintiff that a failure to furnish such list within seven days "will result in the expiration of the existing order and the denial of any injunctive relief." (<u>Id.</u>).

On March 12, 2014 Plaintiff submitted a list of approximately two hundred and fifty (250) entities with whom it has a business agreement throughout the United States. (Doc. 38-1). The list did not provide any information as to the nature of the relevant agreements between Movement and the parties; nor did it specify whether the agreement was with the entity as a

whole, a department within the overall company, or specific agents or groups within the company. In short, the list provided by the Defendants contained scant information to inform either Defendants or the Court of the specific activities or conduct which might be prohibited by such injunction.

The purpose in ordering Plaintiff to provide a narrowly tailored list of entities with whom it had business arrangements was twofold: to provide Defendants (and the Court) with clear notice of the specific persons and entities who might be covered under the restrictive covenants as having a business relationship with Plaintiff, and to narrow the scope of the injunction so that Defendants could conduct legitimate business without fear of violating the injunction or the restrictive covenants it attempted to preserve.

Having reviewed the list of companies, the Court finds that injunctive relief is inappropriate in this case as Plaintiffs have not complied with the March 6 order to provide sufficiently specific information regarding the identity of entities with whom it has such agreements. Rule 65(d)(1)(C) of the Federal Rules of Civil Procedure requires a court to describe in reasonable detail the acts restrained in an injunction. Here, the specific identities of the various parties bound by the agreements is not clear to the Court; nor is the nature of the specific agreements between the parties evident from the material submitted – whether they reflect ongoing ventures or one time agreements that have been largely performed and for which termination of a business relationship is not a great risk. It follows that, without knowing who is bound by such agreements, the Court cannot describe in reasonable detail the type of activity enjoined.

Instead of injunctive relief targeted to prevent a specific and immanent harm, an injunction of the type sought here amounts to a blanket prohibition, with few limiting factors,

against business activity of a competitor that can be read as broadly as Plaintiff's interpretation of the restrictive covenants deems appropriate. In prior orders, the Court has not been reticent to express its concern about the potential for overreach in the issuance of preliminary relief. Specifically, the Court noted its unwillingness to extend any prohibition that might infringe upon the legitimate business activities of Defendants, noting that:

> The balance of equities presents the most pressing inquiry in this matter, especially in light of the effect that a restraining order could have on New Penn's business operations. "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" Winter, 555 U.S. at 24 (quoting Amoco Production, 480 U.S. at 542).

(Doc. 13 at 4, (citing Winter v. Natural Resources Defense Counsel, Inc., 555 U.S 7, 24 (2008) (quoting Amoco Production Co. v. Village of Gambell, AK, 480 U.S. 531, 542 (1987).

> Here, in order to mitigate the prospect of harm to Defendants, the Court requires the specific identity of currently existing agreements that it seeks to protect from interference. Any injunctive relief set out by this order extends no further than to protect existing service agreements and is not intended to act prospectively to foreclose legitimate business activity not affecting such agreements.

(Doc. 35 at 5).

Accordingly, the Court finds that it cannot offer injunctive relief to the business agreements submitted by Plaintiff as such relief risks being over-inclusive and too general to provide notice to Defendants as to the type of specific activities enjoined. Rather than protect Plaintiff from a specifically identified and imminent harm, such injunction would potentially foreclose valid communications with parties affiliated with a business entity with whom Plaintiff has an agreement, no matter how attenuated such affiliation might be.

Unwilling to issue such blanket coverage, the Court finds equitable relief to be ill-suited. "The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case. Flexibility rather than rigidity has

distinguished it." Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944). Ultimate discretion to grant injunctive relief lies with the district court. Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 545 (4th Cir. 2007).

Finding that Plaintiff did not comply with the March 6 order by providing sufficient information as to the entities with whom it has business arrangements, the Court, in its discretion, **denies** Plaintiff's request for a preliminary injunction to enjoin Defendants Ward and Kelley from improper communications with parties with whom it has a business arrangement. This ruling is limited to the discrete issues of communications with business entities and has no effect on other injunctive relief granted or denied in the March 6 order. Nor does this order preclude or restrict Plaintiff from seeking a remedy at law for alleged violations of such restrictive covenants.

## II. CONCLUSION

1. Plaintiff's Motion for a Preliminary Injunction to enjoin Defendants Ward and Kelley from communicating with referral sources, customers and parties who have express business agreements with Movement (Doc. 4) is hereby **DENIED**.

2. The Temporary Restraining Order issued on February 5, 2014 and continued on February 19 and March 6 has expired and is not renewed by the Court. Defendants' motion to dissolve the restraining order (Doc. 22) is **denied as moot**.

Signed: April 4, 2014

Robert J. Conrad, Jr.
United States District Judge